UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                          CASE NO. 8:17-CR-119-T-17AAS

LUIS ALBERTO COIME-AGUNO.

_____/

ORDER

This cause is before the Court on:

Dkt. 105    Construed Motion to Vacate Sentence

Defendant Luis Alberto Coime-Aguno, *pro se*, has filed a Motion to Vacate which the Court construes as a Motion to Vacate Sentence entered without jurisdiction. The Court understands Defendant's Motion to assert that the Maritime Drug Law Enforcement Act, 46 U.S.C. Secs. 70503(a) and (b) exceeds the power of Congress under the Constitution, and to assert that the United States had no jurisdiction over the vessel, even though it was located in international waters, because drug trafficking is not a violation of "customary international law."

The Court has reviewed Defendant's Motion and the record as required by Rule 4(b), Rules Governing Section 2255 Proceedings. It is plain from the record that Defendant is not entitled to relief.

1. Background

Defendant Coime-Aguno entered into a Plea Agreement in which Defendant Coime-Aguno admitted the following facts:

> Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts beyond a reasonable doubt.

FACTS

> In February 2017, the defendants named in the Indictment were knowing and willing participants in a plan to smuggle more than five kilograms of cocaine by sea.

> On or about February 23, 2017, after receiving a tip from a Maritime Patrol Aircraft, a United States Coast Guard (USCG) helicopter located a go-fast vessel ("GFV") with three people on board in international waters, approximately 360 nautical miles from the Galapagos Islands in the Eastern Pacific Ocean. A USCG boarding team then arrived in a small boat and approached the GFV, which had three crew members: Marco Antonio Mero-Hernandez, who claimed to be the captain, Luis Alberto Coime-Aguno, and Ramon Fabricio Barreiro-Vera.
>
> The captain made no claim of nationality for the vessel to the USCG boarding team, and there was no flag or other indicia of nationality. The captain represented someone gave him the GFV but he did not know where it was from. The Eleventh Coast Guard District granted a Statement of No Objection to enforce U.S. Law and treat the vessel as a vessel without nationality.
>
> The USCG boarding team searched the vessel and found 34 bales of suspected contraband on the approximately 36-foot GFV. The bales contained cocaine, and the weight of the cocaine was more than 450 kilograms.
>
> Post-*Miranda*, the defendant admitted to being paid or promised payment for delivery of the cocaine.
>
> The USCG detained the defendants, who first arrived in the United States at a point in the Middle District of Florida.

(Dkt. 22, pp. 19-20).

The Plea Agreement contains a waiver of right to appeal the sentence. (Dkt. 22, p. 16). In this paragraph, Defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum, and waives the right to appeal except under certain limited circumstances.

A grand jury returned a two-count Indictment charging Defendant with both conspiring to possess and possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. Secs. 70503(a) and 70506(a) and (b); 18 U.S.C. Sec. 2 and 21 U.S.C. Sec. 960(b)(1)B)(ii). Pursuant to a plea agreement, Defendant pled guilty to the conspiracy count, and the United States dismissed the possession count.

With the assistance of an interpreter, at the change of plea hearing Defendant Coime-Aguno affirmed the accuracy of the factual statements in the Plea Agreement, and freely entered his guilty plea. The Court accepted Defendant's plea, adjudicated Defendant guilty, and sentenced Defendant to serve a term of 96 months imprisonment, a term of supervised release of 60 months; fine waives, and a special assessment fee of $100.00. (Dkt. 67). The Government requested a 2-level reduction for Defendant's substantial assistance, which the Court granted. (Dkt. 58). The Court also departed one additional level at Defendant's request. (Dkt. 68).

The only objection Defendant Coime-Aguno raised at sentencing was Defendant's request for a 2-level reduction for minor role. Defendant Coime-Aguno did not challenge the Court's jurisdiction.

Defendant Coime-Aguno did not pursue a direct appeal.

2. Discussion

A. Procedural Default

A claim that was available but was not raised in the district court or on appeal is procedurally defaulted from consideration on collateral review, absent cause or prejudice. *McCoy v. United States*, 266 F.3d 1245, 1258-59 11th Cir. 2001).,

Defendant Coime-Aguno did not argue at sentencing or on direct appeal that the MDLEA exceeds Congressional power and that the United States had no jurisdiction over him or his vessel. Defendant Coime-Aguno has procedurally defaulted his challenge to his conviction.

The exceptions to the procedural default rule are: 1) for cause and prejudice or 2) for a miscarriage of justice or actual innocence. *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011). To show cause for not raising a claim, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to raise the claim previously. *Lynn v. United States,* 365 F.3d 1225, 1235 n. 20 (11th Cir. 2004). To show prejudice, a petitioner must demonstrate that "errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." *Wright v. Hopper*, 169 F.3d 695, 706 (11th Cir.

1999).

Defendant Coime-Aguno has not alleged cause to excuse his default, nor has Defendant established actual prejudice.

Defendant Coime-Aguno does not assert that he is actually innocent of the offense of conviction. To establish actual innocence, a petitioner must demonstrate factual innocence, not more legal insufficiency. **Bousley v. United States**, 523 U.S. 614, 622 (1998).

In the Factual Basis of the Plea Agreement, Defendant Coime-Aguno admits that he is in fact guilty, and that the factual basis supporting the charges to which Defendant was pleading guilty is true.

B. Jurisdiction

The Court notes that in 1996 Congress amended the MDLEA to provide that "[j]urisdiction of the United States with respect to a vessel subject to this chapter is not an element of the offense." **United States v. Tinoco**, 304 F.3d 1088, 1102-03 (11th Cir. 2002); 46 U.S.C. Sec. 70504(a). Jurisdictional issues are "preliminary questions of law to be determined solely by the trial judge." **Tinoco**, 304 F.3d at 1102.

Courts have consistently rejected claims that Congress exceeded its authority in enacting the MDLEA. **United States v. Macias**, 654 Fed. Appx. 458, 460 (11th Cir. 2016); **United States v. Estupinan**, 453 F.3d 1336, 1338 (11th Cir. 2006).

Defendant Coime-Aguno's admission that he was on a vessel in international waters that was subject to the jurisdiction of the United States negates Defendant's current jurisdictional challenge.

After consideration, the Court denies Defendant Coime-Aguno's Motion. Accordingly, it is

**ORDERED** that *pro se* Defendant Luis Alberto Coime-Aguno's Motion to Vacate (Dkt. 105) is **denied**.

DONE and ORDERED in Chambers in Tampa, Florida on this 21st day of November, 2019.

ELIZABETH A. KOVACHEVICH
Senior United States District Judge

Copies to:

All parties and counsel of record

**Pro Se** Defendant:

Luis Alberto Coime-Aguno
68501-018
MCCRAE
CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P. O. Drawer 55030
McRae Helena, GA    31055